UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JERRE TANKSLEY | ) | |
| | ) | |
| v. | ) | Case No. 01:93-CR-21 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM OF DECISION AND ORDER**

Presently before the court is Petitioner Jerre Tanksley's ("Tanksley's") "Motion Pursuant to Rule 60(b) 5 & 6 Relief from Judgment or Order" filed on January 18, 2005 and a "Motion Requesting a Speedy Trial or Dismissal of Complaint and Sentence" filed on March 8, 2005. The Rule 60(b)(5) and (6) motion is identical in content to an August 18, 2004 filing made by Tanksley in which he requested that his sentence be reduced in light of the Supreme Court's decision in *Blakely v. Washington,* --- U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and, more recently, *United States v. Booker,* 125 S.Ct. 738 (2005). The motion requesting a speedy trial seeks a jury trial on the sentencing issues found by the undersigned by a preponderance of the evidence prior to Tanksley's sentencing in June 1996.

With respect to the initial Rule 60(b)(5) petition, on September 1, 2004, the undersigned entered an order deeming Tanksley's filing to be a successive request for relief pursuant to 28 U.S.C. §2255 and dismissing the petition for lack of jurisdiction since Tanksley had not received authorization from the Seventh Circuit Court of Appeals before filing the second motion in the district court. *See Docket Entry 80.* There is no evidence that Tanksley has, in fact, received authorization from the Seventh Circuit to proceed with his present motion in the district court and, for good reason. In *McReynold's v. United States,* 397 F.3d 479, 481 (7th Cir. 2005), the Seventh Circuit expressly refused to extend *Booker* to cases on collateral review:

> We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely v. Washington,* --- U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), came down, is the appropriate dividing line;.

Here, Tanksley's case became final in 1998 and leave from the appellate court has not been obtained to file the present motion. As a result, this court lacks jurisdiction over Tanksley's request and his petition is dismissed. Tanksley's Request for a Speedy Trial is DENIED.

## **CONCLUSION**

Tanksley's "Motion Pursuant to Rule 60(b) 5 & 6 Relief from Judgment or Order" is deemed a successive petition for relief under 28 U.S.C. §2255. Tanksley has not received certification for the filing thereof from the Court of Appeal and thus, this court is without jurisdiction to entertain his motion. The petition is therefore, dismissed. Tanksley's Request for a Speedy Trial is DENIED.

SO ORDERED.

This 4th day of May, 2005

s/ William C. Lee
United States District Court
Northern District of Indiana